CHRISTOPHER MONTGOMERY                                                    PLAINTIFF

v.                                                       CIVIL ACTION NO. 5:13CV-P121-R

K.S.R. CHAPLAIN *et al.*                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Montgomery, a state inmate at the Kentucky State Penitentiary (KSP), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Thereafter, Plaintiff filed a letter providing additional details about his claims (DN 6). The Court construes this letter as an amendment to the complaint. This matter is before the Court on initial review of Plaintiff's complaint (DN 1) and amendment (DN 6) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the First Amendment claims for injunctive relief against Defendants KSP Warden Randy White, Kentucky Department of Corrections (KDOC) Commissioner LaDonna Thompson, and KDOC Deputy Commissioner James L. Erwin shall proceed, and all other claims will be dismissed.

## I.  SUMMARY OF CLAIMS

Plaintiff filed suit against "K.S.R. [Kentucky State Reformatory (KSR)] Chaplain"; KSR Warden Clark Taylor; KSP Warden Randy White; KDOC Deputy Commissioner James L. Erwin; and KDOC Commissioner LaDonna Thompson. He sues all Defendants in their official capacity only and alleges a violation of the First Amendment to the U.S. Constitution and a violation of "my Declaration of Human Rights."

Plaintiff reports that he was transferred from KSR to KSP in January 2013.  Plaintiff alleges that while still at KSR, he advised the Defendant Chaplain that he wanted to change his religion from Baptist to Jewish but that the Defendant Chaplain would not allow it.  He states that when he arrived at KSP, he spoke to Defendant Warden White about changing his religion.  According to Plaintiff, Warden White "said, 'If you can answer one question, I'll be able to help you.'  I said, 'What's your question?'  He said, 'What's the name of the Jewish Bible that you're to study?' I said, 'I don't know.'  Then he said, 'Well Montgomery, I can't help you.'"

Plaintiff next alleges that at KSR, "I had my Jewish Religion materials in my property (Star of David Rug etc.)," but that after the transfer to KSP, the KSP "property room said that everything related to my Jewish religion was missing."  He states that he "can t even get anyone to replace the lost materials.  I've filed a missing claims report to K.S.R.  They said it's out of their hands."

Plaintiff further alleges that he was forced by KSP officers in the 3-cellhouse segregation unit to shave my facial hair and cut my hair short even though "[a]ccording to my religion, I'm not to use any razors to shave my facial hair nor am I to have my hair short."  Plaintiff advises that he brought this matter to the attention of Defendants Thompson and White but that "Both have disagreed with what I've asked."

Plaintiff additionally reports that he is being denied religious services at KSP "because of the time I have on the yard."

Finally, Plaintiff alleges filing numerous grievances and letters to the Warden, Deputy Warden, Deputy Commissioner, and Commissioner about his religion but receiving no responses.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of "Replacement of Religious material free of charge not supervised protections" and "transfer to another facility to practice my religion."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

### *42 U.S.C. § 1983*

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues all Defendants in only their official capacity, and all Defendants are employees of the Commonwealth of Kentucky.

### A.  Damages

State officials sued in their official capacity for money damages, are not "person[s]" subject to suit under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution.  *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This

[Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Accordingly, the official-capacity claims for damages will be dismissed for failure to state a claim and for seeking monetary relief from Defendants who are immune from such relief.

### B.  Injunctive relief

#### 1.  Request for replacement of religious materials free of charge

The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment.[1]  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).  In order to assert a constitutional claim for deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation.  *See Parratt*, 451 U.S. at 543-44.  The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate."  *Id.* at 1066.  The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*.  *See Wagner v. Higgins*, 754 F.2d 186, 191-92

---

[1]An inmate may bring a due process claim without showing that the state possesses an adequate post-deprivation remedy where the state employee deprived the prisoner of property, pursuant to "an established state procedure."  *Hudson*, 468 U.S. at 534.  Plaintiff, however, does not allege that his religious materials were taken pursuant to an established state procedure; rather, he states, "I can't even get anyone to replace the lost materials.  I've filed a missing claims report to K.S.R."

(6th Cir. 1985). Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff fails to state a claim under the Due Process Clause.

### 2. *Request to practice his religion*

While Plaintiff specifically requests "transfer to another facility to practice my religion," the Court construes this request more broadly as a request to practice his religion, Judaism. This includes, not only engaging in the general practice of his religion, but also attending religious services at KSP and not being forced to shave his facial hair and cut his hair short. **The Court will allow the First Amendment claims for injunctive relief to continue against Defendants KSP Warden White, KDOC Commissioner Thompson, and KDOC Deputy Commissioner Erwin in their official capacities.**

Because Plaintiff is no longer at KSR, neither the KSR Chaplain nor KSR Warden can provide Plaintiff any relief at KSP. Therefore, this injunctive relief claim will be dismissed against the two KSR Defendants.

### *Declaration of Human Rights*

The Universal Declaration of Human Rights (UDHR) is not a treaty or international agreement that imposes legal obligations. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law"). Rather, it is a statement of principles aimed at providing a common standard for international human rights. *Id.* at 734-35. Because it is not enforceable in American courts, the UDHR claim will be dismissed.

# IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that the First Amendment claims for injunctive relief against Defendants KSP Warden White, KDOC Commissioner Thompson, and Deputy Commissioner Erwin shall proceed beyond initial screening.  The Court will enter a separate Scheduling Order governing the development of the continuing First Amendment claims.

 **IT IS ORDERED** that all claims for damages against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED** that the injunctive relief claim for replacement of property is **DISMISSED** against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and that the injunctive relief claim to practice religion is **DISMISSED** against Defendants KSR Chaplin and KSR Warden Taylor pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Finally, **IT IS ORDERED** that the Declaration of Human Rights claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against the following Defendants, **the Clerk of Court is DIRECTED to terminate them as parties to this action:  Defendants KSR Chaplain and KSR Warden Clark Taylor.**

Date:

cc:      Plaintiff, *pro se*
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005