UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00121-TBR

CHRISTOPHER MONGTOMERY                                                                    Plaintiff,

v.

K.S.R. CHAPLAIN, *et al.*                                                                  Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the motion to dismiss of Defendants KSP Warden Randy White, Kentucky Department of Corrections ("KDOC") Deputy Commissioner James L. Erwin, and KDOC Commissioner LaDonna Thompson. (Docket No. 14.) Plaintiff Christopher Montgomery, proceeding *pro se*, has not responded, and the time to do so has elapsed. For the reasons set forth below, the Court will GRANT the Defendants' motion.

Montgomery is an inmate confined at the Kentucky State Penitentiary ("KSP") in Lyon County, Kentucky. In his complaint, Montgomery seeks legal and equitable relief under 42 U.S.C. § 1983 from various KSP personnel for allegedly violating his First Amendment right to practice his religion of Judaism. (*See* Docket No. 1; Docket No. 6.) Among other claims, Montgomery alleged that KSP officers in the three-cellhouse segregation unit forced him to cut his hair and shave his face, despite his protests that religious prohibitions disallowed him from doing so. He further complained that KSP denied him access to religious services "because of the time [he has] on the yard." Montgomery claimed that he filed numerous grievances and letters to the Warden, Deputy Warden, Deputy Commissioner, and Commissioner about his religion, none of whom responded to his complaints. In addition to monetary and punitive

1

damages, Montgomery sought injunctive relief to include "transfer to another facility to practice [his] religion." After screening the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court allowed Montgomery's First Amendment claims for injunctive relief against White, Erwin, and Thompson to proceed. (*See* Docket No. 7.) The Court construed Montgomery's demand to transfer facilities as a more general request to practice Judaism.

In its concurrently entered scheduling order, the Court established discovery deadlines requiring the parties to exchange all relevant records or documentation regarding the remaining claims by May 19, 2014. The order stated that upon completion of such production, Montgomery was to file certification with the Court. The order further required Montgomery to file a pretrial memorandum by June 18, 2014. (*See* Docket No. 8.)

The Defendants certified their compliance with the Court's scheduling order on May 19, 2014. (Docket No. 13.) However, Montgomery has failed to file the required certification. Moreover, he has not filed a pretrial memorandum in compliance with the Court's scheduling order, nor has he requested an extension of time for doing so. He has not responded in any way to the Defendants' Motion to Dismiss, filed July 18, 2014.

The Court may impose a number of sanctions if a party fails to obey a scheduling or other pretrial order, including dismissal of the action. Federal Rule of Civil Procedure 16(f)(1) (citing Rule 37(b)(2)(A)(ii)-(vii)). Although federal courts afford *pro se* litigants a degree of lenience on matters that require legal sophistication, such as formal pleading rules, courts need not permit such litigants to disregard deadlines and other procedures readily understood by laypersons. This principle holds particularly true when the litigant has failed to pursue a case. *Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). As the Sixth Circuit Court of Appeals has explained, "[T]he lenient treatment generally accorded to pro se litigants has limits. . . . Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).

Here, Montgomery has indicated no desire to pursue his claim. He has neither filed a pretrial memorandum nor certified the production of evidence in compliance with the Court's deadlines; he has not responded to the Defendants' motion to dismiss. Taken as a whole, Montgomery's failure to comply with the scheduling order and respond to the dispositive motion reflects a pattern of failing to pursue his claim. *See Jourdan*, 951 F.2d at 110.

The Court acknowledges that failure to oppose a motion to dismiss does not always provide grounds for dismissal. *See Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991) (holding that the district court abused its discretion by dismissing a case due solely to the plaintiff's failure to comply with a local rule opposing a memorandum within fifteen days). Instead, the Court grounds its dismissal on Montgomery's failure to pursue his case in any way since his letter of September 19, 2013. (Docket No. 6.) Moreover, the Defendants contend that the grooming standards to which Montgomery objected have been rescinded by regulatory changes applicable to the entire Department of Corrections, suggesting that the bulk of Montgomery's complaint has been rendered moot. (*See* Docket No. 14-2 at 3, Memorandum from Warden Randy White ("Effective immediately, in light of upcoming changes in CPP 10.2, which will remove hair length restrictions for segregation inmates; KSP will no longer enforce mandatory haircuts and shaves for inmates.").)

**Conclusion and Order**

Therefore, for the reasons set forth above, IT IS HEREBY ORDERED that the Defendants' motion to dismiss, (Docket No. 14), is GRANTED, and this action is DISMISSED with prejudice.  IT IF FURTHER ORDERED that leave to appeal to the United States Court of Appeals for the Sixth Circuit *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(a)(3) on the ground that such appeal would be frivolous and thus would not be taken in good faith.

cc:  Plaintiff, *pro se*
Defendants